| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: June 1, 2018 10:40 AM<br>FILING ID: 26CFE70C94BAE<br>CASE NUMBER: 2018CV32032 |
| AMY GIERTZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>Defendant. | ▲  COURT USE ONLY  ▲ |
| **PLAINTIFF'S ATTORNEYS:**<br>Name:       Stephen J. Burg, Reg. No. 39789<br>                  Jessica B. Prochaska, Reg. No. 46319<br>                  David J. Crough, Reg. No. 47528<br>Address:    Burg Simpson Eldredge Hersh & Jardine, P.C.<br>                  40 Inverness Drive East<br>                  Englewood, Colorado, 80112<br>Phone No.: (303) 792-5595<br>Fax No.:     (303) 708-0527<br>E-Mail:      sburg@burgsimpson.com<br>                  jprochaska@burgsimpson.com<br>                  dcrough@burgsimpson.com | **Case No.**<br><br>**Ctrm/Div:** |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW,** Plaintiff Amy Giertz, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for her Complaint and Jury Demand, states, alleges, and avers as follows:

## PARTIES

1. Plaintiff Amy Giertz is a citizen and resident of the City of Carbondale, County of Garfield, Colorado, residing at 202 Blue Creek Trail, Carbondale, Colorado 81623.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation whose principal place of business is located at 1 State Farm Plaza, Bloomington, IL 61701. Defendant State Farm also maintains an office in Weld County, Colorado located at 1555 Promontory Circle, Greeley, Colorado 80638. Defendant State Farm maintains a registered agent at 1900 W. Littleton Blvd., Littleton, CO 80120.

EXHIBIT A

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

4. The Court has personal jurisdiction over Defendant by virtue of Defendant's operations and presence in Colorado, by its contracting to insure Plaintiff in Colorado, by its transacting business in or directed at Colorado, and by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado, and commission of tortious actions in Colorado that caused injury and damages in Colorado to a Colorado resident, pursuant to C.R.S. §13-1-124(1).

5. Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(1) because Defendant conducts business in Denver County, tortious conduct occurred in Denver County, and Denver County is the county designated in this complaint.

## GENERAL ALLEGATIONS

6. On June 4, 2016, Plaintiff Amy Giertz was injured in a motor vehicle crash while she was riding her bicycle, and was struck by a vehicle operated by Claire Gordon.

7. The June 4, 2016, crash was caused by Claire Gordon's negligence.

8. As of June 4, 2016, Claire Gordon was insured through an automobile liability insurance policy issued by GEICO Insurance.

9. Claire Gordon's liability insurance limit through the policy with GEICO Insurance was $100,000.00.

10. Prior to the June 4, 2016, crash, Plaintiff and Defendant entered into a contract of insurance, policy number C62688606O, which was in effect on crash date of June 4, 2016.

11. Through policy number C62688606O, Defendant provided Plaintiff with underinsured motorist coverage in the amount of $100,000.00 per person, per incident, pursuant to the terms of the insurance contract.

12. Plaintiff had purchased underinsured motorist coverage from Defendant in order to have security and protection in the event she was injured in a crash with an underinsured motorist.

13. The June 4, 2016, crash caused numerous injuries to Plaintiff, including but not limited to a closed head injury, facial fractures, a deviated septum, vision impairment, dental injuries, facial lacerations, facial nerve injuries, cervical spinal injuries, left hand/wrist/arm injuries, and numerous contusions and abrasions.

14. As a result of the June 4, 2016, crash Plaintiff suffered economic damages.

15. As a result of the June 4, 2016, crash Plaintiff suffered non-economic damages.

16. As a result of the June 4, 2016, crash Plaintiff suffers from ongoing symptomology, including but not limited to permanent physical impairment and disfigurement.

17. On November 30, 2016, Claire Gordon's liability insurer GEICO offered to pay its full $100,000.00 liability limit.

18. On December 12, 2016, Plaintiff's counsel informed Defendant that GEICO Insurance had offered to pay $100,000.00, and requested Defendant's consent to settle in order to pursue a claim for underinsured motorist benefits.

19. On January 9, 2017, Defendant provided Plaintiff with its consent to settle her liability claim against Claire Gordon in exchange for payment of $100,000.00 from GEICO Insurance.

20. On March 29, 2017, Plaintiff requested that Defendant complete an evaluation of her claim for underinsured motorist benefits, and respond within 30 days of receipt of Plaintiff's medical records and bills.

21. On March 29, 2017, Plaintiff provided Defendant with medical records documenting the existence of the permanent impairment and disfigurement.

22. On March 29, 2017, Plaintiff provided Defendant with a signed Authorization for Release of Information so Defendant could independently obtain information about Plaintiff's claim for UIM benefits.

23. On May 5, 2017, Defendant informed Plaintiff that it received her medical records and bills on April 7, 2017, and requested additional documentation in order to complete an evaluation, including photographs of Plaintiff's scarring, additional medical records and bills, and wage loss documentation.

24. On May 30, 2017, Plaintiff provided Defendant with photographs of Plaintiff's scarring, additional medical records and bills, and wage loss documentation, and requested a response by June 13, 2017.

25. On June 13, 2017, Defendant informed Plaintiff that its evaluation was complete based on the documentation submitted, and offered $2,500.00 of UIM benefits.

26. As of the date of this Complaint, Defendant has paid no amount of UIM benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF
(Underinsured Motorist Claim / Breach of Contract)

27. Plaintiff is entitled to recover the underinsured motorist benefits provided by Defendant's policy of insurance.

28. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

29. At the time of the crash on June 4, 2016, Defendant insured Plaintiff for $100,000.00 in uninsured motorist benefits.

30. Defendant has breached its contract of insurance by failing to pay underinsured motorist benefits to Plaintiff as provided by the contract.

31. As a direct and proximate result of the damages sustained by Plaintiff in the June 4, 2016, crash, and as required by C.R.S. § 10-4-609 and Defendant's insurance contract, and as a direct result of Defendant's breach of contract, Plaintiff has suffered damages and Defendant is liable to pay underinsured motorist benefits to Plaintiff to compensate her for her injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
(Common Law Bad Faith Breach of Insurance Contract)

32. Plaintiff incorporate the allegations set forth above as though fully set forth herein.

33. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

34. Defendant delayed and denied Plaintiff's claim for underinsured motorist benefits without a reasonable basis.

35. Defendant acted unreasonably in handling Plaintiff's claim for underinsured motorist benefits in an unfair manner inconsistent with fair claims handling standards.

36. Defendant acted unreasonably in delaying and denying payment of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the June 4, 2016, incident without conducting a reasonable investigation and evaluation of Plaintiff's uninsured motorist claim in violation of C.R.S. § 10-3-1104(1)(h)(IV).

37. Defendant acted unreasonably in delaying and denying payment of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the June 4,

4

2016, incident without providing a reasonable basis for its delay and denial in violation of C.R.S. §10-3-1104(1)(h)(XIV).

38. Defendant knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.

39. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has sustained injuries, damages and losses, the amount of which will be proven at trial.

### THIRD CLAIM FOR RELIEF
(Statutory Claim - Unreasonable Delay and Denial of Benefits Under C.R.S. §§ 10-3-1115 and 10-3-1116)

40. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

41. Plaintiff is a first party claimant as defined under C.R.S. § 10-3-1115.

42. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

43. Pursuant to C.R.S § 10-3-1115, Defendant cannot unreasonably delay or deny payment of underinsured motorist benefits to Plaintiff.

44. Defendant delayed and denied Plaintiff's claim for underinsured motorist benefits without a reasonable basis.

45. Defendant violated C.R.S. § 10-3-1115 by delaying and denying payment of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the June 4, 2016, incident without conducting a reasonable investigation and evaluation of Plaintiff's underinsured motorist claim.

46. Defendant violated C.R.S. § 10-3-1115 by delaying and denying payment of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the June 4, 2016, incident without providing a reasonable basis for its denial.

47. Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorney's fees, court costs and two times the covered benefits as a result of Defendant's unreasonable denial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendant for relief as follows:

1. Payment of underinsured motorist benefits under the policy;

2. Economic damages;

3. Non-economic damages;

4. Permanent physical impairment and disfigurement;

5. All other compensatory damages caused by Defendant's actions, to be proven at trial;

6. Damages provided by C.R.S. § 10-3-1116: payment of two times the covered benefit and reasonable attorney fees and court costs;

7. Pre-judgment and post-judgment interest as provided for by law;

8. Attorney fees, costs, and expenses of this action as provided for by law; and,

9. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of June, 2018.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signature on file at Burg Simpson*
*Eldredge Hersh & Jardine, P.C.)*

*/s/ Stephen J. Burg*
Stephen J. Burg, Reg. No. 39789
Jessica B. Prochaska, Reg. No. 46319
David J. Crough, Reg. No. 47528
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
*Attorneys for Plaintiff*