IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-01781-WJM-SKC

AMY GIERTZ,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO SERVE A SUR-REBUTTAL REPORT [#59]**

This Order addresses Plaintiff's Motion for Leave to Serve a Sur-Rebuttal Report ("the Motion.") [#59.] District Judge William J. Martinez referred the Motion to the magistrate judge. [#60.] The Court has reviewed the Motion and related briefing. No hearing is necessary. For the reasons stated herein, the Court DENIES the Motion.

    **A.    BACKGROUND**

This civil matter arises out of a bicyclist-automobile collision on June 4, 2016. Plaintiff Amy Giertz collided head-first into the side of an SUV sustaining facial fractures and a traumatic brain injury. Plaintiff filed the present lawsuit alleging breach of the insurance contract, and common law and statutory bad faith against Defendant State Farm Mutual.

1

Pursuant to the Scheduling Order the parties were to file expert disclosures on September 5, 2019. [#45.][1] Plaintiff timely filed her affirmative expert disclosures, which included the disclosure of Stephen P. Schmitz, Ph.D., Clinical Neuropsychologist and Director of the Brain and Behavior Clinic. Plaintiff's disclosures included Dr. Schmitz's August 29, 2019 neuropsychological report. Defendant did not designate a medical or neuropsychological expert with its affirmative disclosures. Instead, Defendant moved for neurological and neuropsychological examinations pursuant to Fed. R. Civ. P. 35(a) ("Rule 35 exam") to rebut opinions from Plaintiff's expert disclosures. [#47 p.2.] Plaintiff opposed the Rule 35 exam arguing Defendant knew the extent of Plaintiff's injuries and waited until after the affirmative expert deadline passed before requesting a Rule 35 exam. [*Id.* p.5.] After a hearing on the matter, the Court granted Defendant leave to proceed with the Rule 35 exam. [#48.] That exam—a neuropsychological exam—was conducted by Laura M. Rieffel, Ph.D., on December 30, 2019, and Defendant timely designated Dr. Rieffel as a rebuttal expert.

Plaintiff brings the present Motion requesting leave to file a sur-rebuttal expert report in response Dr. Rieffel's opinions. [#59, p.3.] Plaintiff argues Dr. Rieffel's rebuttal report is akin to an affirmative expert disclosure and fairness requires that Plaintiff be allowed to submit a sur-rebuttal report. [*Id.*] Defendant

---

[1] Plaintiff filed an unopposed motion to modify the Scheduling Order on July 2, 2019, which the Court GRANTED.

argues Dr. Rieffel's rebuttal report is proper because Dr. Rieffel's testing was performed with the specific purpose of addressing the conclusions in Dr. Schmitz's report and it does not proffer new opinions or theories. [#61 p.4.] The Court agrees.

### B.     LEGAL PRINCIPLES

The disclosure of expert witnesses is governed by Fed. R. Civ. P. Rule 26(a)(2)(A). The Rule requires "a party [to] disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Affirmative experts are those who are typically designated by the party who bears the burden of proof on an issue. *Anderson v. Seven Falls Co.*, No. 12–cv–01490–RM–CBS, 2013 WL 3771300, at *6 (D. Colo. July 18, 2013) (citing Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26).

Rebuttal experts, on the other hand, are those "intended solely to contradict or rebut evidence on the same subject matter identified" by affirmative experts. Fed. R. Civ. P. 26(a)(2)(D)(ii); *E.E.O.C. v. JBS USA, LLC*, No. 10–cv–02103–PAB–KLM, 2013 WL 3302429, at * 6 (D. Colo. July 1, 2013). Rebuttal experts cannot "put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Spring Creek Expl. & Prod. Co., LLC, v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. April 21, 2016) (internal quotation marks omitted). Individuals designated only as rebuttal experts may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify "unless and until" the testimony they were designated to rebut is given

at trial. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008); *see also Johnson v. Grays Harbor Cmty. Hosp.*, No. C06–5502BHS, 2007 WL 4510313, at *2 (W.D. Wash. Dec. 18, 2007) (finding experts designated as rebuttal witnesses would "be permitted only to offer rebuttal testimony at trial").

While Rule 26 permits affirmative and rebuttal expert disclosures, it does not contemplate sur-rebuttal expert disclosures. *Rothenberg v. Standard Ins. Co.*, No. 11-cv-01906-WYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) (citing Fed. R. Civ. P. 26(a)(2)(A)). Accordingly, whether to allow sur-rebuttal evidence is within the district court's sound discretion. *United States v. Sorensen*, 801 F.3d 1217, 1239 (10th Cir. 2015) (citing *United States v. Herring,* 582 F.2d 535, 543 (10th Cir.1978).

## C.  ANALYSIS

The crux of Plaintiff's argument is that less than one page of Dr. Rieffel's twenty-page rebuttal report focuses on rebutting or contradicting the opinions of Plaintiff's experts. Plaintiff argues the majority of Dr. Rieffel's report relates to her interview, medical records review, neuropsychological testing, and the interpretation and conclusions of her testing. But Fed. R. Civ. P 26(a)(2)(D)(ii)

> make[s] clear that a rebuttal expert's testimony must relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule 26(a)(2)(B) or (C). Such evidence *is not tied to any particular witness*; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert.

*Bleck v. City of Alamosa*, Colo., No. 10–cv–03177–REB–KMT, 2012 WL 695138, at *4 (D. Colo. March 5, 2012) (emphasis added) (citing *Baumann v. Am. Family Mut. Inc. Co.*, 278 F.R.D. 614, 2012 WL 27652, *2 (D.Colo.2012) and *Morel v. Daimler–Chrisler Corp.*, 259 F.R.D. 17, 21 (D. Puerto Rico 2009)). "It is irrelevant through which expert witness that evidence is elicited; that it actually *be elicited* in the course of Plaintiff's case-in-chief is the determining factor in the context of the admissibility analysis." *Id.* (emphasis in original).

In addition to requiring that rebuttal evidence contradict affirmative evidence, rebuttal evidence must also be directed to the same subject matter covered by the affirmative expert. *Spring Creek Expl. & Prod. Co.,* 2016 WL 1597529, at *2 (citing Fed. R. Civ. P. 26(a)(2)(C)(ii)). The Advisory Committee Notes to Rule 26 do not explain precisely what is meant by "same subject matter." However, "expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Id.* (citing *Boles v. United States,* No. 1:13-cv-489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015).

Dr. Rieffel is a licensed psychologist/neuropsychologist who conducted a Rule 35 neuropsychological evaluation of Plaintiff. [#59-2, p.1.] She was asked to evaluate and opine on the nature and extent of Plaintiff's neuropsychological injuries and whether those injuries related to the June 4, 2016 automobile accident. [*Id.*] Dr.

5

Rieffel reviewed the relevant accident and medical reports, Plaintiff's medical history, and administered various neuropsychological tests. [*See id*. pp.1-19.]

In her report, Dr. Rieffel rebuts certain opinions from Dr. Schmitz's neuropsychological evaluation and report. Specifically, she finds fault with Dr. Schmitz's conclusion that Plaintiff's test results were evidence of cognitive impairment even though "patterns of performance are inconsistent with that of mild traumatic brain injury." [*Id*. p.15.] Dr. Rieffel instead opines Plaintiff's test scores indicate poor effort on her part and that Dr. Schmitz incorrectly attributed Plaintiff's elevated validity scales[2] to Plaintiff's polymyalgia rheumatica. [*Id*.] Furthermore, Dr. Rieffel says Dr. Schmitz's reliance on Plaintiff's self-reported symptoms was "problematic" and unsupported by testing. [*Id*.] The Court finds nothing improper or "affirmative" about Dr. Rieffel's opinions as they directly rebut evidence or affirmative opinions on the same subject matter – the extent of Plaintiff's cognitive function.

To the extent Plaintiff argues Dr. Rieffel's report is an improper affirmative expert masquerading as a rebuttal expert, the Court is unpersuaded. Rebuttal reports by their very nature are responsive and necessitate a showing of facts supporting conclusions and testimony opposite those offered by a party's affirmative expert. *Spring Creek Expl. & Prod. Co.,* 2016 WL 1597529, at *3 (citing *Bone Care Int'l, LLC*

---

[2] Validity scales on self-report measures allow clinicians to determine, relative to others with similar somatic/cognitive/psychiatric issues, whether the examinee's self-report is reliable. [#59-2, p.15.]

*v. Pentech Pharmaceuticals, Inc.*, 2010 WL 3894444, at *15 (N.D. Ill. Sept. 30, 2010)). "Rebuttal expert reports may introduce new methods of analysis, if presented for the purpose of contradicting or rebutting evidence on the same subject matter." *United States v. CEMEX, Inc.*, No. 09-cv-00019-MSK-MEH, 2011 WL 13068613, at *1 (D. Colo. Aug. 11, 2011) (citing *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (Fed.Cl.2011)). "Moreover, courts have also held that a rebuttal report may consider additional data not utilized in the expert report, again, if related to the same subject matter." *Id.*

Here, Dr. Rieffel's report is based on a limited – twenty-four – battery of psychological tests as compared to Dr. Schmitz's examination, which included over sixty tests. [#59-2, p.17.] This further supports a finding that Dr. Rieffel's evaluation is not an affirmative report, but rather an attack on specific portions of Dr. Schmitz's expert report. Indeed, the Appendix included with the Motion indicates Dr. Rieffel only performed three tests not included in Dr. Schmitz's evaluation. [*Id.* pp.17,19.] Moreover, Dr. Rieffel does not refer to these three additional tests separately when offering her opinions, which further demonstrates that her opinions properly relate to and rebut evidence or proposed testimony on the same subject matter covered by Dr. Schmitz. And Dr. Rieffel clearly points to data from Dr. Schmitz's report in supporting her opinions. [*See id.* p. 15.] Based on the Court's reading, Dr. Rieffel's report does not proffer new opinions or theories and therefore is proper rebuttal opinion.

For the foregoing reasons, Plaintiff's Motion is DENIED.

DATED April 15, 2021.

                BY THE COURT:

                S. Kato Crews
                U.S. Magistrate Judge